1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA NEIL HARRELL,                      No.  21-cv-1227 TLN KJN P

12                        Petitioner,

13            v.                                 FINDINGS & RECOMMENDATIONS

14    FRANK LOPEZ,

15                        Respondent.

16

17    I.  Introduction

18            Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of

19    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his August 2018 conviction

20    for three felony counts of fraudulent possession of the personal identifying information of another

21    after having been previously convicted of the same crime (Cal. Penal Code § 530.5, subd. (c)(2)).

22    The trial court sentenced him to 12 years and eight months in state prison.  Petitioner claims that:

23    (1) an unreasonable search and seizure violated his rights under the Fourth and Fourteenth

24    Amendments; (2) his trial counsel was ineffective; and (3) Officer Anderson's false testimony

25    rendered his trial fundamentally unfair.  After careful review of the record, this court concludes

26    that the petition should be denied.

27    II.  Procedural History

28            On August 23, 2018, a jury found petitioner guilty of three felony counts of acquiring or

1    keeping the personal identifying information of another with a prior conviction for a violation of

2    California Penal Code § 530.3.  (ECF No. 15 at 163-66.)  In October 2018, the trial court

3    sentenced petitioner to 12 years and eight months in state prison.  (Id. at 227-31.)

4           Petitioner appealed the conviction to the California Court of Appeal, First Appellate

5    District.  The Court of Appeal reduced the three felony convictions to misdemeanors and struck

6    his four prison term enhancements, but otherwise affirmed the conviction.  (ECF No. 15-4 at Ex.

7    10.)

8           Both petitioner and the state filed petitions for review in the California Supreme Court.

9    The court denied petitioner's petition and granted the state's petition, deferring action pending

10   consideration and disposition of People v. Jimenez, S249397.  (Id. at Exs. 11 & 12.)  On June 17,

11   2020, the California Supreme Court transferred the case to the state appellate court with

12   directions to vacate its decision and reconsider it in light of People v. Jimenez, 9 Cal. 5th 53

13   (2020).  (Id. at Ex. 13.)

14          On August 10, 2020, the state appellate court rejected petitioner's contention that his

15   felony convictions must be classified as misdemeanors, affirmed the denial of petitioner's

16   suppression motion, and concluded that the four prior prison term enhancements must be stricken.

17   (Id. at Ex. 16.)  The trial court amended the abstract of judgment in accordance with the state

18   appellate court's judgment.  (Id. at Ex. 17.)

19          Petitioner petitioned for review before the California Supreme Court, which the court

20   denied.  (Id. at Exs. 18, 19 & 21.)  He also filed a petition for writ of certiorari, and the Supreme

21   Court denied the petition.  (Id. at Ex. 20.)

22          Petitioner filed at least one state habeas petition, which the state court denied.  (Id. at Ex.

23   22; see also ECF No. 7 at 7.)

24          Petitioner filed a § 2241 petition before this court on July 7, 2021.  (ECF No. 1.)  This

25   court dismissed that petition and granted petitioner leave to file a § 2254 petition.  (ECF No. 4.)

26   He filed the instant petition on July 28, 2021.  (ECF No. 7.)  Respondent filed an answer to show

27   cause.  (ECF No. 14.)  Petitioner filed a traverse on December 1, 2021.  (ECF No. 18.)

28

1    III.  Facts[1]

2           After independently reviewing the record, this court finds the appellate court's summary

3    accurate and adopts it herein.  In its unpublished memorandum and opinion affirming petitioner's

4    judgment of conviction on appeal, the California Court of Appeal for the First Appellate District

5    provided the following factual summary:

6                   In March 2018, Harrell was charged by felony complaint with three
                    counts of violating section 530.5(c)(2). His motion to suppress
7                   evidence pursuant to section 1538.5, arguing that he was subjected
                    to an unlawful detention, search, and arrest, was heard concurrently
8                   with the preliminary hearing on June 18, 2018.

9                   At the June 18 hearing, Fairfield Police Officer Kevin Anderson
                    testified that he encountered Harrell shortly before 3:00 a.m. on
10                  November 24, 2017. Anderson was patrolling a residential
                    neighborhood when he noticed a gold BMW parked on the street that
11                  did not have license plates, which was a violation of the Vehicle
                    Code. He approached the car so he could obtain the VIN number and
12                  noticed through the windows that Harrell was asleep in the driver's
                    seat, with "a lot of miscellaneous property spread out throughout the
13                  car." Anderson attempted to wake Harrell by speaking through the
                    window, which was rolled down about five inches, and by knocking
14                  on the window with his flashlight. When Harrell finally woke up,
                    Anderson identified himself as police and asked Harrell to roll the
15                  window down or open the door so it would be easier to talk. Harrell
                    did not comply with that request or with the officer's request to see
16                  identification. He told Anderson that he did not want to talk and did
                    not want to get out of the car. Anderson then asked for Harrell's name
17                  and date of birth, which Harrell provided.

18                  Anderson testified that he used the information provided by Harrell
                    to run a record check through Fairfield Police Dispatch and was
19                  advised that Harrell was on Post Release Community Supervision
                    (PRCS). Accordingly, Anderson "removed [Harrell] from the car to
20                  conduct a PRCS compliance check of the vehicle." Anderson found
                    notebooks and paperwork on the seats and floorboard of the car. The
21                  notebooks contained personal identifying information for
                    approximately 20 people. After completing the car search, Anderson
22                  read Harrell his rights and placed him under arrest. Subsequently,
                    Anderson contacted several people who were referenced in the
23                  notebooks found in the BMW, and they reported that Harrell did not
                    have permission to have their personal information.
24
                    After Anderson completed his testimony, the People submitted
25                  documentary evidence regarding Harrell's prior conviction for
                    identity theft, and the magistrate took judicial notice of the case in
26

27    [1]  The facts are taken from the opinion of the California Court of Appeal for the First Appellate
      District in People v. Harrell, 53 Cal. App. 5th 256 (Aug. 10, 2020), a copy of which was lodged
28    by respondent as ECF No. 15-4 at Ex. 10.

which Harrell had been placed on PRCS. The defense did not present evidence, but argued that the People failed to carry their burden of producing independent evidence establishing that Harrell was on PRCS or subject to a search condition. Defense counsel further argued that the detention was unlawful because Harrell was not doing anything wrong and was not obligated to engage with the officer even if he was on PRCS. Finally, defense counsel argued that the search of Harrell's phone was not justified because the People did not produce evidence regarding the scope of the PRCS search clause.

The magistrate denied Harrell's suppression motion, finding: "The initial contact was supported by reasonable suspicion. The arrest was supported by probable cause. The detention was not unduly prolonged." The magistrate also found sufficient evidence to support the identity theft charges and held Harrell to answer on the complaint.

In the superior court, Harrell filed a renewed motion to suppress evidence. On August 13, 2018, the court denied Harrell's motion, finding a sufficient factual basis for the magistrate's conclusions. Thereafter, the case proceeded to trial, where the jury found Harrell guilty of three felony counts of acquiring or keeping the personal identifying information of K.H., T.S. and C.W. after having previously suffered a conviction for this same crime. (§ 530.5(c)(2).) The trial court chose the upper term on count one as the base term and ran the other two terms consecutive; found that Harrell suffered a prior strike conviction and four prior prison terms; and sentenced him to an aggregate term of 12 years and 8 months in prison.

(ECF No. 15-4 at Ex. 16.)

IV.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

1    determined by the Supreme Court of the United States; or

2         (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the
3    State court proceeding.

4    28 U.S.C. § 2254(d).

5         For purposes of applying § 2254(d)(1), "clearly established Federal law" consists of

6    holdings of the Supreme Court at the time of the last reasoned state court decision.  Thompson v.

7    Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45

8    (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S.

9    362, 412 (2000)).  Circuit court precedent "may be persuasive in determining what law is clearly

10   established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at 859

11   (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may

12   not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a

13   specific legal rule that th[e] [Supreme] Court has not announced."  Marshall v. Rodgers, 133 S.

14   Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)).

15   Nor may it be used to "determine whether a particular rule of law is so widely accepted among

16   the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct."

17   Id.  Further, where courts of appeals have diverged in their treatment of an issue, there is no

18   "clearly established federal law" governing that issue.  See Carey v. Musladin, 549 U.S. 70, 77

19   (2006).

20        A state court decision is "contrary to" clearly established federal law if it applies a rule

21   contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

22   precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).

23   Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant

24   the writ if the state court identifies the correct governing legal principle from [the Supreme

25   Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."[2]

26   _____

27   [2]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be
     overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
28   presented in the state court proceeding."  Stanley, 633 F.3d at 859 (quoting Davis v. Woodford,
     384 F.3d 628, 638 (9th Cir. 2004)).

Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); see also Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication

6

or state-law procedural principles to the contrary." Richter, 562 U.S. at 99.  This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.  Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits.  Johnson v. Williams, 568 U.S. 289, 298-301 (2013) (citing Richter, 562 U.S. at 98).  If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court.  See, e.g., Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853.  Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012).  While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court reviews the state court record to "determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 101.  It remains the petitioner's burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860 (citing Reynoso v.

7

1   Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)).

2   V.  Petitioner's Claims

3        A.  Claim One: Unreasonable Search and Seizure

4        Petitioner claims that he was subjected to an unreasonable search and seizure in violation

5   of his Fourth and Fourteenth Amendments rights.  (ECF No. 7 at 7-8; ECF No. 18 at 4.)  He

6   asserts that Officer Anderson did not have probable cause because the car was legally parked, and

7   the search was unreasonable because it occurred before the officer knew petitioner was on Post

8   Release Community Supervision (PRCS).  (ECF No. 7 at 7-8.)

9        In response, respondent argues petitioner is not entitled to relief on his Fourth Amendment

10  claim.  (ECF No. 14-1 at 9.)

11       In the last reasoned opinion, the state appellate court considered this claim on direct

12  appeal and rejected it.

13           Harrell contends the judgment must be reversed because illegally
14           seized evidence was used to secure his convictions.

15           Our standard of review is well established. A criminal defendant may
             "challenge the reasonableness of a search or seizure by making a
16           motion to suppress at the preliminary hearing. [Citation.] If the
             defendant is unsuccessful at the preliminary hearing, he or she may
17           raise the search and seizure matter before the superior court under
             the standards governing a section 995 motion." (*People v. McDonald*
18           (2006) 137 Cal.App.4th 521, 528-29 (*McDonald*).) On appeal, we
             too review the determination of the magistrate at the preliminary
19           hearing. (*Id.* at p. 529.) We accept all factual findings supported by
             substantial evidence. Then we exercise independent judgment to
20           determine whether the search or seizure was reasonable on the facts
             found by the magistrate. (*Ibid.*; see also *People v. Romeo* (2015) 240
21           Cal.App.4th 931, 940.)

22           We begin with Harrell's contention that his detention was
             unjustified. "A police officer may detain a person if the officer has a
23           reasonable articulable suspicion that the detainee is or is about to be
             engaged in criminal activity." (*McDonald, supra*, 137 Cal.App.4th at
24           p. 530.) "[W]hen there is articulable and reasonable suspicion that a
             motorist is unlicensed, that an automobile is not registered, or that
25           either the vehicle or an occupant is otherwise subject to seizure for
             violation of law, the vehicle may be stopped and the driver detained
26           in order to check his or her driver's license and the vehicle's
             registration." (*People v. Saunders* (2006) 38 Cal.4th 1129, 1135
27           (*Saunders*).)

28           Accepting, for purposes of appeal, Harrell's contention that he was
             detained as soon as Officer Anderson woke him and asked for

                                        8

identification, the record shows that Officer Anderson had a reasonable, articulable suspicion to detain Harrell because he was sleeping in a car parked on a public street that did not have license plates. "Absence of license plates provides reasonable suspicion that the driver is violating the law. Unless there are other circumstances that dispel that suspicion, that resolve any ambiguities in the legal status of the vehicle's conformance with applicable laws, the officer may stop the vehicle and investigate without violating the driver's Fourth Amendment rights." (*People v. Dotson* (2009) 179 Cal.App.4th 1045, 1052; see also *Saunders, supra*, 38 Cal.4th at p. 1136.) Here, the officer's initial interaction with Harrell revealed circumstances that reinforced an objective suspicion that Harrell was engaged in unlawful activity because Harrell declined to provide identification demonstrating his lawful possession of the BMW.

Harrell also disputes the magistrate's conclusion that the vehicle search was lawful. However, substantial evidence that Officer Anderson knew Harrell was on PRCS justifies the vehicle search. "[A]n individual who has been released from custody under PRCS is subject to search (and detention incident thereto) so long as the officer knows the individual is on PRCS. PRCS, like parole, involves the post-incarceration supervision of individuals whose crimes were serious enough to result in a prison sentence and thereby implicates important public safety concerns, as well as the states's ' " 'overwhelming' " ' interest in supervising released inmates." (*People v. Douglas* (2015) 240 Cal.App.4th 855, 865 (*Douglas*).)

In this case, before Officer Anderson ordered Harrell to get out of the vehicle, he was accurately informed by the police department's dispatch officer that Harrell was on the PRCS until 2020. Contrary to Harrell's lower court argument, the precise terms of Harrell's PRCS release are not relevant to our evaluation of the propriety of the search. "It is not necessary for the officer to recite or for the People to prove the precise terms of release, for the search condition is imposed by law, not by consent. As in the case of a parole search, an officer's knowledge that the individual is on PRCS is equivalent to knowledge that he or she is subject to a search condition." (*Douglas, supra*, 240 Cal.App.4th at p. 865.)

Harrell contends that the search executed by Anderson was nevertheless unlawful because it was conducted to harass him. The Legislature has explicitly stated that PRCS status does not "authorize law enforcement officers to conduct searches for the sole purpose of harassment." (§ 3067, subd. (d).) Despite the fact that the law does not require particularized suspicion to conduct a search pursuant to a properly imposed search condition, such a search may be unreasonable if it is conducted " 'too often, or at an unreasonable hour, or if it [is] unreasonably prolonged or for other reasons establishing arbitrary or oppressive conduct by the searching officer.' " (*People v. Reyes* (1998) 19 Cal.4th 743, 753-754 [addressing a parole search condition].)

Here, the record contains substantial evidence that Officer Anderson approached the BMW because of a Vehicle Code violation, that Harrell declined to provide information establishing his right to

1
2
3
4

possess the unlicensed vehicle in which he was sleeping, and that Officer Anderson conducted a search of the vehicle because he was informed that Harrell was on PRCS and subject to a statutory search condition. These facts constitute objective justification for the officer's conduct and establish that the search was not conducted for the purpose of harassment.

5 (ECF No. 15-4 at Ex. 16.)

6      The Supreme Court has held that where a state court provided petitioner with a full and

7 fair opportunity to litigate a Fourth Amendment claim, federal habeas relief is not available on the

8 ground that evidence obtained in an unconstitutional search or seizure was introduced at trial.

9 Stone v. Powell, 428 U.S. 465, 494-95 (1976).  The Ninth Circuit has held that the Supreme

10 Court's holding in Stone v. Powell survived the passage of the Antiterrorism Effective Death

11 Penalty Act.  Newman v. Wengler, 790 F.3d 876, 880 (9th Cir. 2015) (per curiam).  On habeas

12 review, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not

13 whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v.

14 Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (citations omitted); see also Moormann v. Schriro, 426

15 F.3d 1044, 1053 (9th Cir. 2005) (finding that petitioner had a full and fair opportunity to litigate

16 his Fourth Amendment claim because he raised the claim in a pre-trial motion, the trial court held

17 a hearing and denied his motion, and an appellate court reviewed the trial court's decision).

18      This court concludes that petitioner had a full and fair opportunity to litigate his Fourth

19 Amendment claim.  His trial counsel filed a motion to suppress evidence, the court held a hearing

20 and granted the motion, and the case was subsequently dismissed.  (ECF No. 15 at 71.)  The state

21 re-filed a felony complaint, and petitioner filed another motion to suppress evidence.  (Id. at 15-

22 21, 34-41.)  On June 18, 2018, the court held a preliminary hearing and heard petitioner's motion

23 to suppress evidence.  (ECF No. 15-2.)  The court denied the motion.  (ECF No. 15 at 52.)

24 Petitioner then filed a motion under Penal Code Section § 1538.5(i) to find that the magistrate

25 judge erred in denying the motion to suppress evidence.  (Id. at 69-77, 80-88.)  The trial court

26 denied his motion.  (Id. at 93; ECF No. 15-3 at 40-41.)  On direct appeal, petitioner challenged

27 the trial court's denial of his motion to suppress evidence. (ECF No. 15-4 at Ex. 5.)  The state

28 appellate court held that the trial court's did not err in denying petitioner's suppression motion.

1  (Id. at Ex. 16.)  Notably, in his federal habeas petition, petitioner does not argue that he did not

2  have a full and fair opportunity to litigate his Fourth Amendment claim; rather he contends that

3  the state court reached the wrong conclusion.  Unfortunately for petitioner, a mere claim of error

4  is insufficient to support collateral relief based on the exclusionary rule.  See Newman, 790 F.3d

5  at 881.  Therefore, this court recommends denying relief on claim one.

6      B. Claim Two: Ineffective Assistance of Counsel

7      Next petitioner claims that his trial counsel provided ineffective assistance of counsel.

8  (ECF No. 7 at 12.)  He asserts that his trial counsel, Michi Yamamoto, failed to investigate the

9  facts, research law, challenge the credibility of Officer Anderson, and make objections.  He also

10  alleges that his counsel either omitted or misrepresented facts in the motion to suppress evidence.

11  (Id. at 12-13; see also ECF No. 15-4 at Ex. 22 at 276-77.)  According to petitioner, these failures

12  resulted in the denial of his motion to suppress evidence and his counsel failing to raise a pretrial

13  Section 995 motion. (ECF No. 7 at 12-13.)

14      In response, respondent argues that the state court reasonably concluded that trial counsel

15  was not ineffective in litigating the motion to suppress and for failing to bring a pretrial motion

16  seeking dismissal of the charges.  (ECF No. 14-1 at 10-16.)

17      Petitioner raised this claim in a state habeas petition.  (ECF No. 15-4 at Ex. 22.)  The state

18  court denied his claim, finding that he "neither demonstrated that his trial counsel's decision

19  during his case fell below an objective standard of reasonableness, nor that he was prejudiced by

20  any alleged deficient performance by counsel (Strickland v. Washington (1984) 466 U.S. 668,

21  687-96; In Re Alvernaz (1992) 2 Cal.4th 924, 936)."  (Id. at Ex. 22 at 281; see also id. at 280.)

22      To state an ineffective assistance of counsel claim, a defendant must show that (1) his

23  counsel's performance was deficient, falling below an objective standard of reasonableness, and

24  (2) his counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466

25  U.S. 668, 687-88 (1984).  For the deficiency prong, "a court must indulge a strong presumption

26  that counsel's conduct falls within the wide range of reasonable professional assistance; that is,

27  the defendant must overcome the presumption that, under the circumstances, the challenged

28  action 'might be considered sound trial strategy.'"  Id. at 689 (citation omitted).  For the prejudice

1    prong, the defendant "must show that there is a reasonable probability that, but for counsel's

2    unprofessional errors, the result of the proceeding would have been different.  A reasonable

3    probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

4         "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and

5    when the two apply in tandem, review is 'doubly' so."  Richter, 562 U.S. at 105 (internal citations

6    omitted); see also Landrigan, 550 U.S. at 473.  When § 2254(d) applies, the "question is whether

7    there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

8    Richter, 562 U.S. at 105.

9              i.    Failure to Introduce Evidence at Suppression Hearing

10        Petitioner contends that his counsel was ineffective because he left out the following facts

11   from the suppression hearing: petitioner's vehicle was legally parked on the roadside with

12   dealer's plate; the keys were not in the ignition; petitioner was not the registered owner of the

13   vehicle or phone; and Officer Anderson initiated the detention and search before learning that

14   petitioner was on active PRCS.  (ECF No. 15-4 at Ex. 22 at 276.)  Merely stating that counsel

15   could have performed differently is not enough to prove that counsel's performance was

16   deficient.  "There are countless ways to provide effective assistance in any given case.  Even the

17   best criminal defense attorneys would not defend a particular client in the same way."  Strickland,

18   466 U.S. at 689.

19        After reviewing the record, this court concludes that the state court reasonably concluded

20   that counsel was not ineffective for failing to present the requested evidence for several reasons.

21   Several of the facts were not disputed or material.  For example, Officer Anderson testified that

22   the car was legally parked so there was no need for petitioner's counsel to introduce additional

23   evidence on this point.  (ECF No. 15-2 at 12, 28.)  Having established that the car was legally

24   parked, petitioner fails to explain how counsel's omission of the location of the keys prejudiced

25   the defense.  Petitioner's conclusory, vague statements without factual support are insufficient to

26   support habeas relief.  See Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011).  Nor does he

27   explain why the constitutionality of the PRCS compliance search depends on whether petitioner

28   was the registered owner of the phone or car.  As the prosecutor argued at the hearing, California

1    Penal Code § 3465 states "[e]very person placed on postrelease community supervision, and his

2    or her residence and possessions, shall be subject to search or seizure at any time of the day or

3    night, with or without a warrant, by an agent of the supervising county agency or by a peace

4    officer."  (See also ECF No. 15-2 at 40-41.)  That is precisely what happened here.  After

5    identifying that petitioner was on PRCS, Officer Anderson performed a PRCS compliance check

6    of petitioner's possessions, including the car and phone.  Petitioner does not contest his PRCS

7    status.  Because petitioner was being accused of stealing other people's identifying information,

8    counsel could have made the reasonable tactical decision not to introduce evidence that petitioner

9    did not own the car or phone within his possession at the time he encountered Officer Anderson.

10   It is not within this court's purview to second-guess that tactical decision with the benefit of

11   hindsight.  See Strickland, 466 U.S. at 689.

12       Petitioner also claims that his counsel should have introduced evidence that Officer

13   Anderson initiated the detention and search before learning petitioner was on PRCS.  The record,

14   however, contains no evidence to support petitioner's theory.  To the contrary, Officer Anderson

15   testified that dispatch advised him that petitioner was on active PRCS, which led him to perform a

16   PRCS compliance check.  (Id. at 15-16.)  At the suppression hearing, petitioner's counsel cross-

17   examined the officer on the timeline of the events, showing him the bodycam footage, which

18   seemed to confirm that the search occurred after dispatch identified petitioner as being on active

19   PRCS.[3]  (Id. at 34-36.)  Despite the evidence introduced (or not introduced) at the suppression

20   hearing, petitioner's counsel was not foreclosed from arguing that there was no evidence of

21   criminal wrongdoing at the time of the search and that the prosecutor failed to present competent

22   evidence that petitioner was on PRCS at the time of the detention and search.  (Id. at 37-38.)

23   Even if counsel's behavior was deficient, petitioner's conclusory allegations fall far short of

24   affirmatively proving that counsel's performance was prejudicial.  See Strickland, 466 U.S. at

25   _____

26   [3] To the extent that petitioner argues that his counsel was deficient for not submitting the body
     camera recording into evidence, this claims also fails.  (ECF No. 18 at 5.)  As noted above,
27   defense counsel showed Officer Anderson the body camera footage during his cross-examination,
     and the officer's testimony suggests that the footage was consistent with his recollection of the
28   events.

1    693.

2                ii.    Failure to Challenge Officer Anderson's Testimony

3            Next, petitioner contends that his counsel should have questioned Officer Anderson about

4    whether the vehicle had a dealer plate affixed to the rear of the car.  (ECF No. 15-4 at Ex. 22 at

5    276.)  He claims that the police report suggested that at least one license plate was attached to the

6    vehicle.  (Id.)  None of these arguments have merit.  Despite petitioner's assertion to the contrary,

7    his counsel did cross-examine Officer Anderson about the license plates.  When counsel asked if

8    he remembered seeing a dealer plate on the rear of the vehicle, Officer Anderson said he did not.

9    (ECF No. 15-2 at 29.)  This is consistent with his police report and his direct examination

10   testimony that there were no license plates, dealer or otherwise, on the vehicle.  (Id. at 12; ECF

11   No. 15-4 at Ex. 22 at 287 ("vehicle did not have any license plates affixed to it in violation of VC

12   5200 both plates required").)  Petitioner provides no evidence to show that a dealer or license

13   plate was on the vehicle at the time he was detained, searched, and arrested.

14           Petitioner also argues that his counsel should have asked Officer Anderson why he did not

15   issue a citation for the vehicle code violation.  (ECF No. 15-4 at Ex. 22 at 278.)  He asserts that

16   the lack of a citation suggests there was no vehicle code violation to begin with.  (Id. at 273.)

17   Under Strickland, "counsel's tactical decisions at trial, such as refraining from cross-examining a

18   particular witness or from asking a particular line of questions, are given great deference and

19   must similarly meet only objectively reasonable standards."  Dows v. Woods, 211 F.3d 480, 487

20   (9th Cir. 2000) (citing Strickland, 466 U.S. at 688-89).  As mentioned above, petitioner presents

21   no evidence that a license plate was affixed to the vehicle.  Petitioner's suggested inference—that

22   the absence of a citation means a vehicle code violation did not occur—is weak at best.  Here, it is

23   plausible that counsel suspected that the officer did not issue a vehicle code citation because he

24   arrested petitioner for more serious offenses.

25                iii.    Failure to Raise a Section 995 Motion

26           Lastly, petitioner states that his counsel's most severe error was not raising a pretrial

27   motion under Section 995 after the preliminary hearing.  (ECF No. 15-4 at Ex. 22 at 277.)  Under

28   California law, defense counsel can make a motion under California Penal Code Section 995 if a

                                                    14

1    "defendant has been indicated without reasonable or probable cause."  This is a low bar; an

2    information will not be set aside if there is some rational ground for believing that the accused

3    committed the charged offenses.  See People v. Scully, 11 Cal. 5th 542, 582 (2021).  Here,

4    petitioner has not provided any explanation to support his assertion.  Such conclusory allegations

5    are insufficient to warrant federal habeas relief.  See Greenway, 653 F.3d at 804.  After reviewing

6    the record, this court concludes that the state court reasonably rejected this argument.  Petitioner

7    was indicted on three felony counts of identifying information theft having previously been

8    convicted for the same offense. (ECF No 15 at 54-56, 111-13.)  The amended information was

9    supported by evidence at the preliminary hearing. (ECF No. 15-2 at 16-22 (locating personal

10   identifying information from other people in petitioner's vehicle); id. at 36-37 (documentation of

11   prior convictions); id. at 41-42.)  The state court's decision was not contrary to, or an

12   unreasonable application of, clearly established Supreme Court authority.  This court

13   recommends denying habeas relief on claim two.

14          C.  Claim Three: Officer Anderson's False Testimony

15          In claim three, Petitioner alleges that Officer Anderson gave false testimony that rendered

16   his trial fundamentally unfair. (ECF No. 7 at 8; ECF No. 18 at 7.)  In response, respondent argues

17   that petitioner's claim is not cognizable, and alternatively, that the state court's rejection of the

18   claim was not contrary to clearly established Supreme Court law. (ECF No. 14-1 at 16-17.)

19   Petitioner raised this claim in a state habeas petition, and the state court denied his claim. (ECF

20   No. 15-4 at Ex. 22 at 281.)

21          "[A] conviction obtained by the knowing use of perjured testimony is fundamentally

22   unfair, and must be set aside if there is any reasonable likelihood that the false testimony could

23   have affected the judgment of the jury."  United States v. Agurs, 427 U.S. 97, 103 (1976)

24   (footnotes omitted); see Napue v. Illinois, 360 U.S. 264, 269 (1959).  To state a successful claim,

25   petitioner must show that (1) the evidence was false, (2) the prosecutor knew or should have

26   known that the evidence was false, and (3) the false evidence was material.  United States v.

27   Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); see also Hayes v. Brown, 399 F.3d 972, 984 (9th

28   Cir. 2005) (en banc).  A witness testifying under oath commits perjury if the witness "gives false

1    testimony concerning a material matter with the willful intent to provide false testimony, rather

2    than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S.

3    87, 94 (1993).

4         Petitioner argues that Officer Anderson falsely testified about two issues.  First, Officer

5    Anderson testified that the vehicle was in violation of a vehicle code, while petitioner claims the

6    vehicle "was legally parked on the side of the road with a dealer's plate attached to the rear."

7    (ECF No. 7 at 8.)  Second, Officer Anderson stated that he initiated the search after dispatch

8    informed him that petitioner was on active PRCS, but petitioner contends that the detention and

9    search occurred before Officer Anderson heard from dispatch.  (Id.)

10        This court has already addressed the factual basis of petitioner's argument in section V.B.

11   To recap, petitioner has presented no evidence to prove that Officer Anderson's statements were

12   false.  Petitioner's conclusory allegations do not warrant habeas relief.  See Jones v. Gomez, 66

13   F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Furthermore,

14   petitioner has not identified any evidence to show that the prosecutor knew or should have known

15   this evidence was false.  While the Supreme Court "has held that the prosecutor's knowing use of

16   perjured testimony violates due process," it "has not held that the false testimony of a police

17   officer in itself violates constitutional rights."  Briscoe v. LaHue, 460 U.S. 325, 326 n.1 (1983)

18   (citing Agurs, 427 U.S. at 103); see also Murray v. Anderson, 453 F. App'x 756 (9th Cir. 2011);

19   Barajas v. Knowles, 392 F. App'x 538, 540 (9th Cir. 2010).  The state court's rejection of

20   petitioner's claim was not contrary to, or an unreasonable application of, clearly established

21   Supreme Court authority.  Therefore, this court recommends denying habeas relief on claim three

22   as well.

23   VI.  Conclusion

24        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

25   habeas corpus be denied.

26        These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

16

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

3  he shall also address whether a certificate of appealability should issue and, if so, why, and as to

4  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

5  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

6  § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

7  service of the objections.  The parties are advised that failure to file objections within the

8  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

9  F.2d 1153 (9th Cir. 1991).

10  Dated:  May 18, 2022

11

12                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

13

14  /TAA/harr1227.157

15

16

17

18

19

20

21

22

23

24

25

26

27

28